

**SO ORDERED.**

**SIGNED this 26 day of March, 2008.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE ) | |
| ) | NO. 07-14329 |
| GEORGE JUDZEWITSCH, dba ) | |
| Kastle Home Builders, Inc. ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| SOUTHERN HERITAGE BANK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. 08-1005 |
| ) | |
| GEORGE JUDZEWITSCH, dba ) | |
| Kastle Home Builders, Inc. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

This proceeding is before the court on a motion by the debtor to dismiss a complaint filed against him by Southern Heritage Bank, a creditor. The complaint seeks a determination of

nondischargeability with respect to an alleged unsecured debt owed by the debtor to the bank. The debtor contends that the complaint should be dismissed because the deadline for filing dischargeability complaints expired before the plaintiff's complaint was filed.

The pertinent facts are that the debtor filed a petition for relief under chapter 7 in the United States Bankruptcy Court for the Western District of Tennessee. That court duly issued a notice of commencement of the case in which it set forth the deadline, September 14, 2007, for filing complaints to determine dischargeability of debts. It appears that the bank was listed as a creditor in the schedules accompanyng the debtor's petition, and the bank does not deny receiving notice of the deadline. The deadline came and went without action in this matter by the bank. Thereafter, on September 27, 2007, the Bankruptcy Court for the Western District of Tennessee transferred the case to this court in the Eastern District of Tennessee. After receiving the transfer, this court's clerk issued two notices of the chapter 7 bankruptcy case, both in standard form, both on October 10, 2007, and differing only in the deadlines they established for the filing of complaints to determine dischargeability: one set the date as September 14, 2007, the same date that had been established in the Western District; the other set a new date of January 8, 2008. The bank filed the instant complaint on January 7, 2008, long after the deadline established in the Western District of Tennessee, but within the later of the deadlines set by this court. The issue in this case is whether the bank has timely filed its complaint, and, if not, whether the court can nevertheless accept the bank's complaint as timely filed.

The general rule is that a change of venue does not alter an action procedurally, and it arrives in its transferee court unchanged and unimpeded. "When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by

the transferee tribunal, leaving untouched whatever already has been done in the transferor court." 15 CHARLES ALAN WRIGHT, *et. al.*, FEDERAL PRACTICE AND PROCEDURE § 3846 (2007). When this court received the transfer of the case from the Western District of Tennessee, the time for filing the instant complaint had never been extended and had already run out. One of our clerk's simultaneous notices to the creditors recognized this fact, but the other purported to set a new bar date.

Rule 4007(c), Federal Rules of Bankruptcy Procedure, provides that a "complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of the creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." To avoid the obvious consequences of this rule, the bank argues that it was entitled to rely on the January 8, 2008, bar date erroneously published by this court's clerk even though a simultaneous notice by the same clerk published the correct, and already expired, bar date of September 14, 2007. The bank relies on *Nicholson v Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994), a case involving changed venue and an erroneous notice of a new bar date issued by the transferee court before the transferor court's original bar date had passed. This had the effect of extending the original bar date when no motion to do so had ever been filed. The Sixth Circuit held that the creditor's reliance on the new but erroneous bar date was justified because the creditor had telephoned the clerk's office for clarification on the new bar date and was assured that it was valid. *Isaacman*, therefore, stands for the proposition that a court can equitably correct its own errors where those errors have mislead a party and induced it to act to its detriment.

*Isaacman* is factually distinguishable from the case at bar because in this case the time for filing dischargeability complaints had already run before the case was transferred here. In *Isaacman*,

the bar date had not run in the transferor court, and the transferee court's issuance of a new bar date was done within the period of time originally provided for by Rule 4007(c). Accordingly, the creditor in that case may have thought that an extension of the bar date had occurred in complete conformity with the rule. The same is true of the cases on which *Isaacman* primarily relied, *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925 (9th Cir. 1992), and *Themy v. Yu (In re Themy)*, 6 F.3d 688 (10th Cir. 1993), both of which involved the issuance of a second misleading notice of bar date prior to the expiration of the first established bar date. The court in *Isaacman* recognized this very distinction when it found *First National Bank of Deerfield v. Lewis (In re Lewis)*, 71 B.R. 633 (Bankr. N.D. Ill. 1987), inapplicable on the grounds that "the time for filing complaints objecting to the dischargeability of certain debts in that case had expired prior to the transfer." *Isaacman*, 26 F.3d at 635. The court went on to say: "We express no view on the circumstances where the transferee court establishes a second bar date after the first bar date has expired." *Id.*

The courts that have considered situations in which the transferee court has established a second bar date after the transferor court's first bar date had expired have held that a creditor could not rely on the second bar date because the "change of venue cannot turn back the clock for the objecting creditors." *Lewis*, 71 B.R. at 635; *accord, Urbatek Sys., Inc. v. Lochrie (In re Lochrie)*, 78 B.R. 257, 260 (B.A.P. 9th Cir. 1987). The bank has cited no contrary authority, and the court is aware of none. The court concludes, therefore, that the bank's complaint is untimely filed because it was not filed on or before September, 14, 2007, the bar date originally set in the Western District.

Further exploration of this issue, however, is required because of the Sixth Circuit's opinion in *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003), which held that a bankruptcy court has the authority under 11 U.S.C. § 105(a) to use "equity to trump the filing deadline set by

Rule 4007(c) in one particular circumstance," *id.* at 343, thereby allowing a creditor to file an untimely dischargeability complaint under the theory that Rule 4007(c) can be equitably tolled. Under *In re Maughan*, therefore, this court could accept the filing of a late complaint, no matter how tardy, if there are equitable reasons that would make enforcing Rule 4007(c) unfair.

The main reason for taking such an action, of course, is that a creditor may have been misled by a court's orders or notices and may have relied on them to its detriment. The *Maughan* court emphasized the fact that in *In re Isaacman*, on which it primarily relied, the creditor in question had relied to its detriment on the second published bar date. "We limited our holding [in *Isaacman*] to a situation in which a bankruptcy court erroneously set a second bar date *and a creditor reasonably relied on that second date when filing an untimely complaint.*" *In re Maughan*, 340 F.3d at 342 (emphasis added). The *Maughan* court went on to state the guidelines for equitable tolling:

> There are five factors that should be considered when deciding to apply the doctrine of equitable tolling: "The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."

*Id.* at 344 (citation omitted).

Because the creditor in this case was not ignorant of the bar date, factors (1), (2), and (5) are irrelevant. Thus, the inquiry in this case is limited to the diligence of the creditor in pursuing its rights and the possible prejudice to the debtor in allowing an untimely complaint. The bank has not even attempted to excuse its complete and unexplained failure to meet the original bar date of September 14, 2007. There is no evidence of any diligence on the part of the bank, and it was not misled or induced to miss the original bar date by any court's action. The bank merely assumes that it should have the right to take advantage of the court clerk's error as providing it a second

opportunity to file a dischargeability complaint. In the absence of any showing that this creditor was diligent or that it relied to its detriment on some error of the court that occurred before the original bar date elapsed, the court holds that the bank is not equitably entitled to file an untimely complaint and its complaint must, therefore, be dismissed.

An appropriate order will enter.

### #